IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Charles Kevin Bruce Tyson, #113360, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Jon E. Ozmint, Director of S.C. )<br>Department of Corrections, )<br>)<br>Defendant. )<br>) | Civil Action No. 6:06-0385-PMD-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motion for preliminary injunction or temporary restraining order ("TRO").

The plaintiff, who is proceeding *pro se*, filed this action on February 10, 2006, pursuant to Title 42, United States Code, Section 1983, claiming that the defendant is violating his Eighth Amendment right against cruel and unusual punishment by subjecting him to environmental tobacco smoke ("ETS"). A motion to dismiss or, in the alternative, for summary judgment was filed on August 21, 2006. On August 24, 2006, the plaintiff's motion to amend his complaint was granted, and the defendant has through September 6, 2006, to supplement his motion to dismiss.

In his motion for preliminary injunction or TRO, the plaintiff seeks an order "[stopping] the sale of all smoking tobacco, and cigarettes to prisoner's at Evans Correctional Inst., and any other SCDC prison where this Plaintiff might be incarcerated ..." In the alternative, he seeks a transfer "to the prison infirmary with all of his privileges, or to a no smoking prison, dorm or a non smoking county facility."

On August 25, 2006, the defendant filed his opposition to the plaintiff's motion, arguing that the plaintiff failed to exhaust his available administrative remedies prior to filing

his motion, and that he has not demonstrated any likelihood of success on the merits of his claim.

In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

>	(a)	The plaintiff's likelihood of success in the underlying dispute between the parties;
>
>	(b)	whether the plaintiff will suffer irreparable injury if the injunction is not issued;
>
>	(c)	the injury to the defendant if the injunction is issued; and
>
>	(d)	the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271.

The Prison Litigation Reform Act ("PLRA") significantly constrains relief available to inmates and imposes procedural barriers on prisoners bringing suits challenging prison conditions. 18 U.S.C. §3626 (2000); 28 U.S.C. §1932 (2000). Injunctive relief must be narrowly tailored to extend no further than the particular plaintiff. 18 U.S.C. §3626(a)(1). The PLRA also requires prisoners to exhaust all available administrative remedies prior to challenging prison conditions under Section 1983. 42 U.S.C. §1997(e)(a) (2000); *Lyons v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

The plaintiff has failed to establish a reasonable basis for the requested injunctive relief. Further, he has failed to properly exhaust his available administrative remedies by resubmitting a proper grievance application.

2

Wherefore, based upon the foregoing, it is recommended that the plaintiff's motion for injunctive relief be denied.

s/William M. Catoe<br>
United States Magistrate Judge

August 29, 2006

Greenville, South Carolina