IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Charles Kevin Bruce Tyson, #113360, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Jon E. Ozmint, Director of S.C. )<br>Department of Corrections, )<br>)<br>Defendant. )<br>) | Civil Action No. 6:06-0385-PMD-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

      The plaintiff, a state prisoner who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that the defendant is violating his Eighth Amendment right against cruel and unusual punishment by subjecting him to environmental tobacco smoke ("ETS").

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

      The defendant filed a motion to dismiss or, in the alternative, for summary judgment on August 21, 2006. By order filed August 24, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 24, 2006, the plaintiff's motion to amend his complaint was granted, and the defendant was given through September 6, 2006, to supplement his motion. The defendant filed a supplemental motion to dismiss or, in the alternative, for summary judgment

on September 6, 2006.  The plaintiff filed a response to the supplemental motion on September 25, 2006.

The plaintiff is currently an inmate at Evans Correctional Institution in Bennettsville, South Carolina.  He has named Jon E. Ozmint, Director of the South Carolina Department of Corrections ("SCDC"), as the only defendant.  In his amended complaint, the plaintiff alleges that exposure to ETS at Evans violates his Eighth Amendment rights.  He contends that he suffers from chronic coughing and wheezing, chest discomfort, eye, nose, and voice box irritation, difficulty swallowing, pain in his stomach, rectum, and colon, and blood in his stool as a result of exposure to ETS.  The plaintiff filed an Inmate Grievance Form on November 7, 2005, alleging cruel and unusual punishment by exposure to second-hand ETS. However, the form was returned to the plaintiff as unprocessed on November 10, 2005, because it had "too many attachments."  The Inmate Grievance Coordinator noted that only one attachment was allowed (def. m.s.j., ex. A).  Thereafter, the plaintiff wrote several letters to various employees at Evans alleging that his grievance went unprocessed because of corruption in the grievance system (def. m.s.j., ex. B).  He did not refile his grievance.

## APPLICABLE LAW AND ANALYSIS

As matters outside the pleadings have been presented by the defendant and have not been excluded by this court, the motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) shall be treated as one for summary judgment pursuant to Rule 56.  *See* Fed.R.Civ.P. 12(b)(6).  Rule 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

3

The defendant first contends that the plaintiff has failed to exhaust his administrative remedies because he did not refile his grievance in the correct manner. The plaintiff argues that the grievance coordinator "sabotaged" his grievance and returned it to him unprocessed. He further contends that there is no rule requiring that an inmate grievance not be processed if it has too many attachment pages. The defendant has failed to provide the court with evidence of an SCDC policy limiting the number of pages that may be attached to an inmate grievance. Accordingly, for purposes of this motion, the court will consider the plaintiff to have exhausted his administrative remedies and will consider his claim on the merits.

In *Helling v. McKinney*, the Supreme Court held that a plaintiff "states a cause of action under the Eighth Amendment by alleging that ... [the defendants] have, with deliberate indifference, exposed him to levels of ... [environmental tobacco smoke] that poses an unreasonable risk of serious damage to his future health." 509 U.S. 25, 35 (1993). Determining whether environmental tobacco conditions are sufficient to violate the Eighth Amendment requires an assessment of whether "society considers the risk . . . so grave that it violates contemporary standards of decency." *Helling*, 509 U.S. at 36. *Helling* establishes a constitutional right to be free from a level of environmental tobacco smoke so high that it poses an unreasonable risk of serious damage to future health. To prevail, a plaintiff must show that he has been exposed to such unreasonably high levels of smoke and that such exposure is contrary to current standards of decency and that today's society will not tolerate such exposure. *Helling*, 509 U.S. at 35-36. However, "*Helling* did not read the Eighth Amendment as mandating smoke-free prisons." *Scott v. District of Columbia*, 139 F.3d 940, 942 (D.C. Cir. 1998).

Under *Helling*, a plaintiff alleging exposure to secondhand smoke may state a cause of action under the Eighth Amendment by alleging and proving both that he has been exposed to unreasonably high levels of secondhand smoke, an objective element, and that

the defendants were deliberately indifferent to the plaintiff's exposure to this risk, a subjective element. 509 U.S. at 35. Thus, in order to prove the objective element, the prisoner must show: (1) that he is being exposed to unreasonably high levels of secondhand tobacco smoke, and (2) that the exposure creates a risk of harm so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. *Id.* at 35-36.

*Helling* involved a prisoner whose cellmate smoked five packs of cigarettes per day. 509 U.S. at 36. In determining that the prisoner in that case had stated a valid cause of action under the Eighth Amendment, the Court impliedly found that exposure to such amounts of environmental tobacco smoke *could* be found to be unreasonably high. While a prisoner may have a clearly-established right to be free from unreasonably high levels of tobacco smoke pursuant to *Helling*, the plaintiff here has not established that his exposure was unreasonably high. Moreover, the plaintiff here has made no showing that he was exposed to such high levels of smoke that they posed a serious risk of damage to his future health. It does not appear that the plaintiff ever complained about injury from secondhand smoke to the medical staff at Evans. While the plaintiff alleges that he suffers from chronic coughing, wheezing, chest discomfort, eye and nose irritation, difficulty swallowing, pain in his stomach, and blood in his stool, his medical records fail to indicate that he has been treated for the majority of those symptoms (coughing, wheezing, chest discomfort, eye and nose irritation, and difficulty swallowing). The records do show that he has been treated for rectal bleeding,[1] but it appears to have been related to hemorrhoids (def. m.s.j., ex. C at 6-7, 11-13). The plaintiff's medical records further show that he has been treated for ear pain, a skin infection on his chest and arms, heartburn, acid reflux, and for vision issues (def. m.s.j., ex. C). There is no indication in the evidence before the court that the plaintiff's physical symptoms were in any way related to exposure to ETS.

---

[1] The defendant incorrectly states in the motion for summary judgment that there is no evidence the plaintiff has ever been treated for blood in his stool (def. m.s.j. 4).

5

The SCDC mandates general rules governing smoke in prisons.  Smoking is prohibited in areas where food is prepared and/or served, in the canteen, in the indoor recreational areas, in the medical or health services areas, in the library or chapel, and in any other areas so designated by the warden (def. m.s.j., ex. D § 2.1).  Smoking is allowed in housing units not designated as non-smoking by the warden (def. m.s.j., ex. D § 2.2).  The SCDC requires that reasonable efforts be taken to accommodate non-smoking inmates housed in double-bunked living areas (def. m.s.j., ex. D § 2.1).  A prisoner must complete a form (SCDC form 19-11) in order to be housed with a non-smoking inmate.  The warden then forwards the form to classification personnel for action (def. m.s.j., ex. D §  2.1).

The plaintiff made a request to be housed in a non-smoking cell (Willie L. Eagleton aff. ¶ 5).  A committee comprised of three employees of Evans determined that the plaintiff should be housed with a non-smoker (def. m.s.j., ex. E).  Accordingly, the plaintiff was placed in a cell designated as non-smoking (Eagleton aff. ¶ 5).

While the plaintiff alleges generally that he "cannot escape the exposure to ETS" (amended comp. ¶ 21), he has not shown evidence that he that he is being exposed to unreasonably high levels of secondhand tobacco smoke or that the exposure creates a risk of harm so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.  Further, he has not shown that the defendant has been deliberately indifferent to his exposure to such a risk.

Wherefore, based upon the foregoing, it is recommended that the defendant's supplemental motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

October 30, 2006

Greenville, South Carolina