IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles Kevin Bruce Tyson, # 113360, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 6:06-0385-PMD-WMC |
| v. ) | |
| ) | **ORDER** |
| Jon E. Ozmint, Director of S.C. ) | |
| Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court upon the magistrate judge's recommendation that Tyson's ("Tyson" or "Plaintiff") motion for a preliminary injunction or temporary restraining order ("TRO") be denied. The Record contains a Report and Recommendation ("R&R") of a United States magistrate judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On September 15, 2006, Tyson filed timely objections to the R&R.

## BACKGROUND

Plaintiff, who is proceeding *pro se*, filed this action on February 10, 2006, pursuant to Title 42, United States Code, Section 1983, claiming the Defendant is violating his Eighth Amendment right against cruel and unusual punishment by subjecting him to environmental tobacco smoke ("ETS"). On August 7, 2006, Plaintiff filed a Motion for a Preliminary Injunction or TRO, seeking

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the magistrate judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding pro se, and submit findings and recommendations to this Court.

1

an order stopping the sale of all smoking tobacco and cigarettes to prisoners at Evans Correctional Institution ("Evans") and any other South Carolina Department of Corrections ("SCDC") prison where this plaintiff might be incarcerated. In the alternative, he seeks a transfer "to the prison infirmary with all of his privileges, or to a no smoking prison, dorm or a non smoking county facility." (Plaintiff's Mem. in Support at 9.)

On August 25, 2006, Defendant filed his opposition to Plaintiff's motion, arguing that Plaintiff failed to exhaust his administrative remedies and that Plaintiff has not demonstrated any likelihood of success on the merits of his claim. The magistrate judge filed an R&R on August 29, 2006, recommending that Plaintiff's motion for injunctive relief be denied because Plaintiff failed to establish a reasonable basis for the requested injunctive relief and because Plaintiff failed to properly exhaust his administrative remedies when he failed to resubmit a proper grievance application. (R&R at 2-3.)

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the magistrate judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds the magistrate judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## ANALYSIS

As previously noted, the magistrate judge recommended Plaintiff's motion for injunctive relief be denied because Plaintiff failed to establish a reasonable basis for relief and because Plaintiff

failed to properly exhaust his administrative remedies. (R&R at 2-3.) Before turning to Plaintiff's objections to the R&R, this court will first describe the showing Plaintiff must make in order to prevail on the merits of his § 1983 cause of action, as this showing will be relevant in addressing Plaintiff's objections.

### A.     Plaintiff's Eighth Amendment Claim

In his complaint, Plaintiff states the Defendant is violating his Eighth Amendment right against cruel and unusual punishment by subjecting him to ETS. The Supreme Court has recognized that a prisoner's exposure to ETS can give rise to a cause of action under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25 (1993). To succeed on this claim, however, Plaintiff must prove both the subjective and objective elements described in *Helling*. With respect to the objective factor,

> [Plaintiff] must show that he himself is being exposed to unreasonably high levels of ETS. . . . Also with respect to the objective factor, determining whether [Plaintiff's] conditions of confinement violate the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Helling*, 509 U.S. at 35-36. Plaintiff must also demonstrate the subjective factor, "deliberate indifference," which "requires an inquiry into the prison officials' state of mind" to determine whether prison officials are deliberately indifferent to the medical needs and health of a prisoner. *Id.* at 32; *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

3

### B.      Objections

Plaintiff raises a number of objections to the magistrate judge's R&R. This court will address each one in turn.

### 1.      Objection 1:  The R&R is premature.

Plaintiff asserts the R&R is premature because he "has not had full opportunity" to submit proof regarding whether he exhausted his administrative remedies and "proof of fraud and or corruption in the grievance process by defendant agent(s) at the prison level which prevented [P]laintiff from full exhaustion." (Objections at 2-3.) It appears that on November 7, 2005, Plaintiff filed an Inmate Grievance Form, alleging cruel and unusual punishment by exposure to ETS. However, the form was not processed but was returned to Plaintiff as too many pages were attached to it. (*See* Exhibit A to Defendant's Mem. in Opposition to Plaintiff's Motion for TRO.) Plaintiff asserts the grievance was improperly rejected because the SCDC does not have a one-page attachment limit. (Objections at 3.)

To the extent Plaintiff is objecting to the magistrate judge's conclusion that Plaintiff failed to exhaust his administrative remedies, the court will address that contention in turn.[2] However, to the extent Plaintiff is objecting to the court's procedure, this objection is without merit. Title 28, Section 636, of the United States Code provides,

> Notwithstanding any provision of law to the contrary–
> . . .
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of

---

[2]*See infra* Part B.2.

confinement.

28 U.S.C. § 636(b)(1). Because Plaintiff's § 1983 action challenges the conditions of his confinement, § 636 permits a magistrate judge to submit to this court "proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1).

Contrary to Plaintiff's contention, the magistrate judge's R&R is not premature simply because Plaintiff wishes to have the court consider additional evidence. The statute authorizes this court to consider such additional evidence:

> Within ten days after being served with a copy [of the R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate judge. *The judge may also receive further evidence* or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (emphasis added); *see also* Fed. R. Civ. P. 72(b). However, this court is not required to consider any evidence that was not before the magistrate judge.

> While the district court may also receive further evidence, which was not before the Magistrate Judge, it may decline to do so, and attempts to raise new evidence on appeal are disfavored, as observed by the court in *Callas v. Trane CAC, Inc.*, 776 F.Supp. 1117 (W.D. Va. 1990), *aff'd*, 940 F.2d 651 (4th Cir. 1991). . . . The court in *Callas* did not consider the new evidence, noting that the defendants could have, and should have, offered this evidence much sooner.

*Virgin Enters. Ltd. v. Virgin Cuts, Inc.*, 149 F.Supp.2d 220, 223 (E.D. Va. 2000) (internal quotation marks omitted). Plaintiff has cited no authority to support his contention that the magistrate judge's R&R was premature, and this court finds the R&R was issued in a proper procedural manner. Accordingly, Plaintiff's first objection is without merit.

### 2. Objection 2: The magistrate judge erred in determining Plaintiff failed to properly exhaust his administrative remedies.

Plaintiff asserts the magistrate judge erred in determining Plaintiff failed to exhaust his administrative remedies by not resubmitting a proper grievance application. The grievance Plaintiff filed on November 7, 2005 was returned to him unprocessed because the grievance had too many pages attached, and Plaintiff essentially argues his grievance was returned to him despite the fact that "the only (1) attachment page rule cannot be substantiated in SCDC Grievance Policy." (Objections at 6.)

Judge Seymour addressed recently addressed this issue in *Randolph v. Redfearn*, No. 2:05-2249-MBS-RSC, 2006 WL 1687449, at *1-2 (D.S.C. June 13, 2006). She noted that "[a]s of January 1, 2006, the SCDC inmate grievance system explicitly provided that an inmate would be given only one additional page to complete his grievance." *Id.*, 2006 WL 1687449, at *1. Although this policy was not explicit at the time the plaintiff in that case filed his grievance, he was advised he submitted too many attachments and that the form would be processed when submitted with only one additional page attached. *Id.* Judge Seymour found the magistrate judge properly determined the plaintiff failed to exhaust his administrative remedies despite the fact that his grievances had been returned unprocessed:

> Defendants gave Plaintiff a reasonable opportunity to file a grievance. To argue that he was unable to exhaust his administrative remedies, Plaintiff must show that he attempted to utilize all available remedies. *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 677 (4th Cir. 2005). . . . In addition, a plaintiff's failure to comply with a prison's preferred grievance procedure will be excused only in cases where the procedure did not satisfy minimum standards of fairness. *See Nasim v. Warden, Maryland House of Correction*, 84 F.3d 951 (4th Cir. 1995). Defendants informed Plaintiff that his grievances would be processed when he submitted a grievance form with no more than one additional page attached. Plaintiff only needed to re-submit his grievance in proper form to have his claim redressed.

*Id.*, 2006 WL 1687449, at *2. This court finds Judge Seymour's reasoning persuasive. Like the plaintiff in *Randolph*, Plaintiff was informed his grievance was being returned unprocessed because it had too many pages attached. To have his claim addressed, Plaintiff only needed to re-submit the grievance in proper form. As such, Plaintiff's objection is without merit.

   **3.   Objection 3: The magistrate judge erred in failing "to balance first or at all the likelihood of irreparable harm to the plaintiff against the likelihood of irreparable harm to the defendant."**

As the magistrate judge correctly noted in the R&R, in determining whether to grant injunctive relief, a court must balance four factors: "'(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest.'" *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir. 2002) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991)). The magistrate judge further noted that in deciding whether to grant a preliminary injunction, "the court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction is denied; if such a showing is made, the court must then balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant." *Scotts*, 315 F.3d at 271.

As the magistrate judge correctly set forth the law with respect to issuing injunctive relief, Plaintiff appears to object to the fact that the magistrate judge did not explain his application of the law to the facts of this case. This court agrees with the magistrate judge that Plaintiff has failed to establish a reasonable basis for the requested injunctive relief but will more fully explain the reasoning behind this determination.

Assuming, without deciding, that Plaintiff has made a strong showing of irreparable harm

if the injunction is denied, the balance of the likelihood of harm to the Plaintiff against the likelihood of harm to the Defendant does not "tip[] decidedly" in Plaintiff's favor. *See Scotts*, 315 F.3d at 271. Granting the injunctive relief Plaintiff requests could cause substantial hardship to the Defendant; Plaintiff seeks to stop the sale of all smoking tobacco and cigarettes to prisoners at Evans and any other SCDC prison where this plaintiff might be incarcerated. Plaintiff appears to seek a change in SCDC policy by obtaining a preliminary injunction, but because the balance of hardships does not clearly favor Plaintiff, the probability of success on the merits becomes more important. *See id*.

To prevail on the merits, Plaintiff must establish (1) "that he himself is being exposed to unreasonably high levels of ETS. . . . so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk" and (2) that the defendant is deliberately indifferent to his exposure to this risk. *Helling v. McKinney*, 509 U.S. 25, 32, 35-36 (1993). This court finds Plaintiff is unlikely to prevail on the merits because he has not demonstrated or alleged that the level of ETS at Evans is unreasonably high.[3] Moreover, unlike the plaintiff in *Helling*, Plaintiff is housed with a non-smoker, a fact which also indicates Plaintiff may have difficulty demonstrating Defendant is deliberately indifferent to his exposure to the risks associated with ETS. (*See* Exhibit C to Defendant's Mem. in Opposition to Plaintiff's Motion for TRO.) Plaintiff has not demonstrated he is likely to succeed on the merits, nor has he shown the "public interest" factor weighs in favor

---

[3] *Helling* involved a prisoner who was assigned to a cell with an inmate who smoked five packs of cigarettes per day. In determining that the prisoner had stated a valid cause of action under the Eighth Amendment, the Court impliedly found that exposure to such amounts of environmental tobacco smoke could be found to be unreasonably high. But *Helling* goes no further in defining what constitutes unreasonably high levels of environmental tobacco smoke.

*Mills v. Clark*, 229 F.3d 1143, *3 (4th Cir. 2000) (unpublished table decision).

of issuing injunctive relief. Because the magistrate judge properly applied the four factors from *Scotts*, Plaintiff's objection is without merit.

> **4.     Objection 4: The magistrate judge erred in finding Plaintiff failed to establish a reasonable basis for the requested injunctive relief.**

As discussed in Part B.3, *supra*, this court agrees with the magistrate judge's determination that Plaintiff has failed to establish a reasonable basis for the requested injunctive relief. This objection is thus without merit.

> **5.     Objection 5: The magistrate judge erred in recommending Plaintiff be denied injunctive relief without the benefit of a hearing.**

Plaintiff asserts the magistrate judge erred in recommending Plaintiff be denied injunctive relief without the benefit of a hearing, arguing Rule 65(a) of the Federal Rules of Civil Procedure requires a hearing. Rule 65(a) provides,

> (a) **Preliminary Injunction.**
>     (1) *Notice*. No preliminary injunction shall be issued without notice to the adverse party.
>     (2) *Consolidation of Hearing With Trial on Merits*. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

Fed. R. Civ. P. 65(a). The plain language of the rule does not require the court hold a hearing before denying injunctive relief; the rule says a court shall not *issue* a preliminary injunction without notice to the adverse party. "The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck*

*Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 432 n.7 (1974). Because this court is not issuing a preliminary injunction, a hearing is not required. Furthermore, pursuant to Local Rule 7.08, this court is not required to hold a hearing. *See* Local Rule 7.08, D.S.C. ("Hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."). Because this court is not required to hold a hearing, Plaintiff's objection is without merit.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction is hereby **DENIED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 30, 2006**