IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles Kevin Bruce Tyson, # 113360,   )<br>                                                                )<br>                                    Plaintiff,       )<br>                                                                )      C.A. No.: 6:06-0385-PMD-WMC<br>v.                                                            )<br>                                                                )                      **ORDER**<br>Jon E. Ozmint, Director of S.C.             )<br>Department of Corrections,                   )<br>                                                                )<br>                                   Defendant.   )<br>_____) | |

This matter is before the court upon the recommendation of the Magistrate Judge that Defendant's Supplemental Motion to Dismiss, or in the alternative, for Summary Judgment be granted. The record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On November 20, 2006, Plaintiff filed timely objections to the R&R.[2]

## BACKGROUND

Plaintiff, who is proceeding *pro se*, filed this action on February 10, 2006, pursuant to Title 42, United States Code, Section 1983, claiming the Defendant is violating his Eighth Amendment right against cruel and unusual punishment by subjecting him to environmental tobacco smoke

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

[2] Magistrate Judge Catoe issued two R&Rs in this case: one on August 29, 2006, and another on October 30, 2006. The R&R currently at issue is the one dated October 30, 2006.

("ETS"). On August 7, 2006, Plaintiff filed a Motion for a Preliminary Injunction or Temporary Restraining Order ("TRO"), seeking an order stopping the sale of all smoking tobacco and cigarettes to prisoners at Evans Correctional Institution and any other South Carolina Department of Corrections ("SCDC") prison where he might be incarcerated. In the alternative, he sought a transfer to the prison infirmary or to a no-smoking prison. The Magistrate Judge filed an R&R on August 29, 2006, recommending that Plaintiff's motion for injunctive relief be denied because Plaintiff failed to establish a reasonable basis for the requested injunctive relief and because Plaintiff failed to properly exhaust his administrative remedies when he failed to resubmit a proper grievance application. (R&R at 2-3, Aug. 29, 2006.) On October 31, 2006, this court filed an Order adopting the R&R dated August 29 and denying Plaintiff's Motion for a Preliminary Injunction or TRO.

Defendant filed a Motion to Dismiss or, in the alternative, for Summary Judgment on August 21, 2006. After Plaintiff amended his complaint, Defendant filed a Supplemental Motion to Dismiss or, in the alternative, for Summary Judgement on September 6, 2006. Plaintiff responded to the supplemental motion on September 25, 2006.

The Magistrate Judge filed an R&R on October 30, 2006, recommending Defendant's Supplemental Motion for Summary Judgment be granted because Plaintiff failed to show "evidence that he is being exposed to unreasonably high levels" of ETS or "that the exposure creates a risk of harm so grave that it violates contemporary standards of decency to expose anyone unwilling to the risk." (R&R at 6, Oct. 30, 2006.)[3] In addition, the Magistrate Judge stated Plaintiff failed to show

---

[3]For purposes of the Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment, the Magistrate Judge stated, "[T]he court will consider the plaintiff to have exhausted his administrative remedies and will consider his claim on the merits." (R&R at 4, Oct. 30, 2006.)

2

Defendant had been deliberately indifferent to Plaintiff's exposure to such a risk. (R&R at 6, Oct. 30, 2006.) Then, on November 20, 2006, Plaintiff filed timely objections to the R&R dated October 30, 2006.

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts. However, unlike the Magistrate Judge, the court does not assume that Plaintiff has exhausted his administrative remedies. The court therefore modifies the R&R.

## ANALYSIS

Following the Magistrate Judge's R&R, Plaintiff filed three specific objections. However, the essence of the first two objections was of essentially the same character. The first two objections concern the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"). In his Objections dated September 15, 2006, Plaintiff objected to the Magistrate Judge's determination that Plaintiff failed to exhaust his administrative remedies. In his Objections dated November 20, 2006, Plaintiff seems to object to the Magistrate Judge's assumption for purposes of the R&R dated October 30 that Plaintiff *did* exhaust his administrative remedies. Although the court is unsure whether Plaintiff's position is that he *did* exhaust his administrative remedies or that he *did not* exhaust his administrative remedies, the court finds Plaintiff's claim must be dismissed for failure

3

to exhaust administrative remedies.[4]

In 1996, Congress passed the PLRA "[i]n response to an ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 676 (4th Cir. 2005) (citations omitted). Pursuant to the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). There is no question that the PLRA's exhaustion requirement is mandatory. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); *Booth v. Churner*, 532 U.S. 731, 734 (2001) (holding that the PLRA requires a prisoner to exhaust administrative remedies regarding his excessive force claims, even if the prisoner seeks only money damages and such relief is not available under the administrative process).

In the Order filed October 31, 2006, this court determined Plaintiff failed to exhaust his administrative remedies. Plaintiff filed a grievance regarding his exposure to ETS on November 7, 2005, but the grievance was returned to him unprocessed because it had too many pages attached. Using the reasoning from Judge Seymour's opinion in *Randolph v. Redfearn*, No. 2:05-2249-MBS-RSC, 2006 WL 1687449 (D.S.C. June 13, 2006), as a guide, the court determined Plaintiff had not exhausted his administrative remedies.

---

[4]Having determined dismissal is appropriate because Plaintiff failed to exhaust his administrative remedies, the court does not reach Plaintiff's other objections.

4

In *Randolph*, the plaintiff brought a civil rights action pursuant to 42 U.S.C. § 1983. He had previously filed a grievance, but the grievance was returned to him unprocessed because he submitted attachments in excess of the page limitations. *See Randolph*, 2006 WL 1687449, at *1. The defendants filed a Motion for Summary Judgment, claiming the plaintiff did not exhaust his administrative remedies as required by the PLRA. *Id*. Although the plaintiff argued the defendants' refusal to process his grievance was in contravention of the SCDC inmate grievance system, Judge Seymour found the plaintiff failed to exhaust his administrative remedies. *Id*. at *1-2. She stated that while the page limitation policy was not explicit at the time the plaintiff filed his grievance, he was advised he submitted too many attachments and that the form would be processed when submitted with only one additional page attached. *Id*. at *2-3. She stated,

> Defendants gave Plaintiff a reasonable opportunity to file a grievance. To argue that he was unable to exhaust his administrative remedies, Plaintiff must show that he attempted to utilize all available remedies. *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 677 (4th Cir. 2005). . . . In addition, a plaintiff's failure to comply with a prison's preferred grievance procedure will be excused only in cases where the procedure did not satisfy minimum standards of fairness. *See Nasim v. Warden, Maryland House of Correction*, 84 F.3d 951 (4th Cir. 1995). Defendants informed Plaintiff that his grievances would be processed when he submitted a grievance form with no more than one additional page attached. Plaintiff only needed to re-submit his grievance in proper form to have his claim redressed.

*Id*. at *2.

As the court noted in its Order filed October 31, Plaintiff in the case *sub judice* was informed his grievance was being returned unprocessed because it had too many pages attached. To have his claim addressed, Plaintiff only needed to re-submit the grievance in proper form. As such, Plaintiff failed to exhaust his administrative remedies, and this court must dismiss his cause of action.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's cause of action is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 1, 2007**